

PRIVATE PROCESS

3/21/22
11:30am

#21-48113

Stovett
4064

**Case Number:  2022CI05276**

Alvin Abrams VS Quiktrip Corporation
(Note: Attached Document May Contain Additional
Litigants)

IN THE **73RD DISTRICT COURT**
BEXAR COUNTY, TEXAS

<u>**CITATION**</u>

"THE STATE OF TEXAS"

Directed To:   **QUIKTRIP CORPORATION**
              **BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said Plaintiff's Original Petition And Request For Disclosure  was filed on this the 22nd day of March, 2022.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT  on this the 30th day of March, 2022

**KEITH B. FRENCH**
**ATTORNEY FOR PLAINTIFF**
**2010 E BROADWAY ST STE 132**
**PEARLAND, TX 77581**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

San Antonio, Texas 78205
By: /s/ _Jason Pastrano_
    Jason Pastrano, Deputy

---

ALVIN ABRAMS VS QUIKTRIP CORPORATION

Case Number: 2022CI05276
73rd District Court

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20____ at _____ o'clock ____ M. at _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County,
Texas

BY:

_____
OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____

**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

EXHIBIT A

FILED
3/22/2022 3:28 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 73rd District Court

CIT PPS  SAC3

**2022CI05276**

CAUSE NO. _____

| | | |
|---|---|---|
| **ALVIN ABRAMS** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **QUIKTRIP CORPORATION** | § | |
| *Defendant.* | § | |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**THE HONORABLE JUDGE OF SAID COURT:**

 **COMES NOW,** ALVIN ABRAMS, Plaintiff, complaining of and against Quiktrip Corporation, Defendant, and for cause of action would show unto this Honorable Court the following:

### I.

### Discovery Control Plan

 Pursuant to the Texas Rules of Civil Procedure 190, Plaintiff states that the litigation of this case will be controlled by Level II discovery.

### II.

### Jurisdiction and Venue

 The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County. Thus, venue is proper by virtue of § 15.002 TEX. CIV. PRAC. & REM. CODE (Vernon 1985).

EXHIBIT A

## III.

### Parties

Plaintiff, Alvin Abrams, is an individual residing in Bexar County, Texas.

Defendant, Quiktrip Corporation, (hereinafter, "Quiktrip" or "Defendant") is an Oklahoma corporation engaged in business in Bexar County, Texas. Defendant may be served with process by and through its registered agent, CT Corporation System, 4705 S 129th East Ave., Tulsa, Oklahoma 74134.

Plaintiff reserves the right to join other Defendants as the same are revealed, if at all, through the ongoing discovery process.

## IV.

### Facts

This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 24, 2021. At that time, Plaintiff was an invitee at Defendant's 4064 G3S store located in San Antonio, Texas. While Plaintiff was walking getting a beverage, he began sliding on the wet floor, ultimately slipping and causing him to fall to the ground. Consequently, Plaintiff suffered significant injuries in his left knee, arm, ankle, and shoulder. He was later treated for his injuries and underwent surgery on his left knee. He also requires surgery on his left shoulder. Defendant has lost his job as a result of his injuries.

At the time of the incident in question, Plaintiff was an invitee of Defendant. There were no warning signs and Quiktrip employees stated they knew the floor was wet and meant to clean it.

Defendant knew or should have known of the unreasonable dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous

2

EXHIBIT A

condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence. Such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

Plaintiff would show that based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on the Defendant's premises.

## V.

### Premises Liability/Negligence

Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

a) Failure to inspect the premises where the dangerous condition existed;

b) Failure to warn Plaintiff of the existence of the dangerous condition;

c) Failure to take reasonable measures to correct the dangerous condition;

d) Failure to maintain the building in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the building;

e) Failure to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm; and

f) Other acts deemed negligent.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would

3

EXHIBIT A

act in the same or similar situation.

In sum, Plaintiff will show that Defendant is liable because: 1) Plaintiff was an invitee; 2) Defendant exercised control over the premises; 3) a dangerous premises condition existed; and 4) Defendant had actual or constructive knowledge of the dangerous condition, and the above proximately caused Plaintiff's injuries.

## VI.

### Damages

As a result of these acts and/or omissions, Plaintiff sustained damages recognizable by law.

By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages for which Plaintiff seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

    a.   Past and future medical expenses;

    b.   Past and future pain, suffering, and mental anguish;

    c.   Loss of Household Services in the past and future;

    d.   Past and future physical impairment;

    e.   Past and future physical disfigurement; and

    f.   Past loss wages and future loss of earning capacity.

By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre- and post-judgment interest.

## VII.

### Request for Jury Trial

Plaintiff requests a jury trial.

## VIII.

EXHIBIT A

## Request for Disclosures

Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant disclose, within fifty days of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(1).

### IX.

## Rule 193.7 Notice

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### X.

## Misnomer/Alter Ego/Rule 28 Request

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

To the extend that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

### XI.

## Other Discovery

Plaintiff refers you to the attached Request for Admissions, Interrogatories and Request for Production and notifies you that a response is required within fifty days of service of these requests.

EXHIBIT A

## XII.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**Keith B. French Law, PLLC**

*/s/ Keith B. French*
Keith B. French
Bar No. 24115073
2010 E. Broadway St, Suite 132
Pearland, TX 77581
kfrench@peoplefirstfirm.com
Tel: 832-243-6153
Fax: 832-243-1927

**ATTORNEY FOR PLAINTIFF**

6

EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| **ALVIN ABRAMS** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| **QUIKTRIP CORPORATION** | § | |
| *Defendant.* | § | |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR ADMISSIONS, & REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

To:  ***Quiktrip Corporation, by and through its registered agent CT Corporation System, 4705 S 129th East Ave., Tulsa, Oklahoma 74134.***

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff Alvin Abrams ("Plaintiff") serves this first set of interrogatories, request for admissions and request for production of documents upon Defendant Quiktrip Corporation ("Defendant" or "Quiktrip") and requests that Defendant serve its written answers, verified by an authorized representative under oath, within fifty (50) days of service hereof.

## I. INSTRUCTIONS

1.      You are required to answer each of the below Interrogatories separately, in writing, and verified by an authorized representative under oath.

2.      These Interrogatories shall be deemed to be continuing. Therefore, you must supplement your responses to these Interrogatories promptly if, after responding, you acquire any additional information concerning, in any way, your responses to these Interrogatories.

3.      All non-privileged information that is responsive to these Interrogatories and in your control, custody, or possession is to be divulged.

4.      Pursuant to Texas Rule of Civil Procedure 193.2(a), you must specifically state in writing in response to each Interrogatory for which you object or refuse to produce any of the requested information, and you must also specify the basis for your withholding or refusal. Any objection not asserted and/or not specified at the time of serving your response to the below Interrogatories shall be waived.

---

EXHIBIT A

5.       Pursuant to Texas Rule of Civil Procedure 193.2(b), in regards to any Interrogatory for which you object or refuse to produce part or a portion of the requested information, you must state (a) the part or portion of the Interrogatory to which you object or refuse to produce the requested information, and (b) the basis for your objection or refusal. You must comply with any part or portion of the interrogatory to which you do not object.

6.       Pursuant to Texas Rule of Civil Procedure 193.3, if you object or refuse to produce any information based on a claim of privilege, you must state in your response or in a separate document served with your response that: (a) information or material response to the Interrogatory has been withheld; (b) the Interrogatory to which the information or material relates; and (c) the privilege or privileges asserted.

7.       Pursuant to Texas Rule of Civil Procedure 197.2, you may only elect to produce records in lieu of the information requested if the answer to an Interrogatory may be derived or ascertained from public records, from your business records, or from a compilation or summary of your records, and the burden of deriving or ascertaining the answer is substantially the same for you as for Plaintiff. In such circumstances, you must specify in sufficient detail to permit Plaintiff to locate and identify the applicable records as readily as you can, and as applicable, you must produce any such business records or compilation or summary on which you rely.

8.       Pursuant to Rule 196.4, all information or data existing in electronic or magnetic form should be produced in its native form. Furthermore, if records are imaged, you should also provide copies of the images.

9.       The relevant time period for all requests is January 1, 2019, to the present, unless the request specifies otherwise or calls for specific documents from an earlier time period (e.g., a contract dated or executed prior to January 1, 2019).

## II. DEFINITIONS

The following terms shall have the meanings indicated below and each time any such word is used in this discovery request, you will be charged with knowledge of such definitions in responding. In each case, your response should respond to all the elements or questions included in such defined words.

1.       The terms "You," "Yours," "Quiktrip" and/or "Defendant" mean Defendant Quiktrip Corporation and includes its past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Defendant.

2.       The terms "Plaintiff" or "Abrams" mean Plaintiff Alvin Abrams and includes past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Plaintiff.

---

EXHIBIT A

3.    The term "Petition" shall mean Plaintiff's Original Petition filed in the above-styled lawsuit, and any amendments or supplements thereto.

4.    The term the "Incident" shall mean the incident that took place at and around the Quiktrip store (4064 G3S store) on May 24, 2021 as described in the Petition.

5.    The term "document" has the broadest meaning ascribed to it under the Texas Rules of Civil Procedure and includes the original and each non-identical copy of any written, printed, typed, filmed, recorded (electronically or otherwise), or other graphic matter of any kind or description, photographic matter, sound recordings or reproductions, however produced or reproduced, whether draft or final, as well as any summarization, compilation, or index of any documents. The term "document" includes, but is not limited to, letters, memoranda, reports, evaluations, x-rays, work records, studies, analysis, tabulations, graphs, logs, work heets, work papers, medical records, correspondence, photographs, videotapes, films, slides, negatives, summaries, files, records, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, hand-written notes, periodicals, pamphlets, computer or business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with government agencies, office manuals, employee manuals or office rules and regulations, reports of experts, and any other written matter.

6.    The term "person" refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust, incorporated organization, government or political subdivision thereof, and any other non-natural person of whatever nature.

7.    The term "all" includes and encompasses "any." The term "any" includes and encompasses "all."

8.    The word "and" and the word "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

9.    The term "communication," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or is attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations.

10.    The phrases "relate to," "related to," "relating to," and "concerning" or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

11.    The term "identify" means to state the legal name of, and all known contact

**EXHIBIT A**

information including physical address, mailing address, electronic mailing address, any telephone number(s), and facsimile numbers.

12.     Any reference to an individual person, either singularly or as part of a defined group, includes that person's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such individual person.

13.     Any reference to a non-natural person includes that person's past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such non-natural person.

14.     The singular includes the plural and vice versa.

15.     The masculine gender includes the feminine and vice versa.

16.     All other terms are to be interpreted in accordance with their normal usage in the English language.

## III. **INTERROGATORIES**

**INTERROGATORY NO. 1:**     Please identify the person or persons responding to these Interrogatories. Please identify in your answer each person who has provided information in connection with these interrogatory answers.

**INTERROGATORY NO. 2:**     Identify the owner(s) of the premises known as 4064 G3S store, located in San Antonio, TX (hereinafter the "Premises") as of May 24, 2021.

**INTERROGATORY NO. 3:**     Identify all parties who were responsible for maintaining the walkways and common areas of the Premises.

**INTERROGATORY NO. 4:**     Identify any person or a party other than the defendants to this lawsuit whom you contend caused or contributed to the occurrence complained of, including any architect, engineer, designer, contractor, subcontractor or others. Include in your answer whether you blame Plaintiff for Plaintiff's own injuries.

**INTERROGATORY NO. 5:**     If you contend that Plaintiff is responsible and/or liable for the Incident and/or any damage that occurred to Plaintiff, describe each negligent or wrongful act(s) or omission(s) that you contend Plaintiff did or failed to do, how you contend such act(s) or omission(s) was negligent or wrongful, how you contend such act(s) or omission(s) caused or contributed to Plaintiff's damages, and what damages you contend Plaintiff is responsible and/or liable for.

EXHIBIT A

**INTERROGATORY NO. 6:**     Identify each employee, agent and/or servant, or any other person with knowledge of the incident, regardless of their current employment status. For each such individual, identify his or her job title and job function being performed by that individual at the time of this slip and fall accident, and the summary of what knowledge the witness has.

**INTERROGATORY NO. 7:**     Identify any individual you are aware of that has knowledge of the facts and circumstances of this case, including but not limited to eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived at the scene of Plaintiff's May 24, 2021 slip and fall within five (5) hours after the accident.

**INTERROGATORY NO. 8:**     If anyone investigated this matter for you including, but not limited to, medical experts, private investigators, or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigators obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**INTERROGATORY NO. 9:**     Identify each person interviewed concerning the incident. For each such person state the date of the interview; the substance of the interview and if the interview was recorded and/or transcribed.

**INTERROGATORY NO. 10:**     Identify each written report made by any person concerning the incident.

**INTERROGATORY NO. 11:**     Please state in your own words what you believe happened to the plaintiff while he was on the Premises, and include in your answer the basis upon which you have formed that belief.

**INTERROGATORY NO. 12:**     State whether or not the Premises were equipped with a video surveillance camera and, if so, whose responsibility it was on the date of the occurrence to monitor the surveillance camera and whether there are still tapes from the date of the occurrence and the week both before and after the occurrence.

**INTERROGATORY NO. 13:**     Describe the lighting, both artificial and natural, of the area in question at the time the plaintiff was injured.

**INTERROGATORY NO. 14:**     If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams, or objects relative to the occurrence, the Plaintiff's physical condition or the scene of the occurrence, identify the substance of such recording and the present custodian of each such item.

**INTERROGATORY NO. 15:**     Do you know of any statement, conversation, comment, testimony, or report made by any party to this lawsuit or witness, including the Plaintiff, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place and the custodian of such

---

EXHIBIT A

statement.

**INTERROGATORY NO. 16:**     State the name and specialty of all experts whom you propose to call as witnesses at trial. For each expert, state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answers copies of all written reports of each such expert.

**INTERROGATORY NO. 17:**     Do you believe that you did everything that you could to prevent Plaintiff's injuries? If the answer is "yes", set forth everything that you did to avoid the accident that occurred. If the answer is "no", please state if there was  anything you wish you had done differently.

**INTERROGATORY NO. 18:**     Please identify your correct legal entity and identify, stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners, and all other parties with any interest in your organization. You must also state the current manner in which you (or any other proper party) can be designated as a party defendant and served with process in this action under the allegations set forth in the Petition.

**INTERROGATORY NO. 19:**     Identify any previous or subsequent incidents of which you are aware that occurred in substantially the same manner as the incident complained of in this lawsuit, or which also occurred at the Premises, including a description of all premise liability claims made involving this property over the last 3 years.

**INTERROGATORY NO. 20:**     Identify any procedures which you followed, at and before the time of the occurrence, concerning the inspection, repair, maintenance, cleaning, and/or ice removal of the area where Plaintiff's injuries occurred.

**INTERROGATORY NO. 21:**     Identify any warnings, whether verbal or written (such as by a sign or otherwise) which were given to the Plaintiff specifically, and/or to other invitees to the Premises, in general before the occurrence concerning the condition which caused or contributed to the occurrence.

**INTERROGATORY NO. 22:**     Do you think Plaintiff knew or should have known the area in which Plaintiff fell was not safe to be walked on by Plaintiff or anyone else? Set forth all facts upon which you intend to rely upon at trial to support your answer.

**INTERROGATORY NO. 23:**     Identify when you were first notified of the fact that the area in which Plaintiff fell presented or could have presented a hazardous condition to invitees on the Premises.

**INTERROGATORY NO. 24:**     At the time of Plaintiff's injury, do you contend that any person or entity other than you managed or controlled the Premises on which Plaintiff alleges he was injured? If so, state each and every fact on which you base the contention and identify each writing that supports that contention.

EXHIBIT A

**INTERROGATORY NO. 25:**     At the time of Plaintiff's injury, do you contend that any person or entity other than you and/or your employees, agents, and/or servants was responsible for the maintenance of the Premises on which Plaintiff alleges he was injured? If so, state each fact on which you base your contention and identify each and every writing that supports that contention.

**INTERROGATORY NO. 26:**     Identify when you were first notified of the fact that the area in which Plaintiff fell presented or could have presented a hazardous condition to invitees on the Premises.

**INTERROGATORY NO. 27:**     Do you believe that a reasonably prudent person traveling across the area in question should have been able to maintain his/her balance and avoided the fall?

**INTERROGATORY NO. 28:**     Please describe what training procedures, if any, are followed in the course of training Defendant's employees with regard to invitees on the Premises slipping and/or falling. This includes any written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training employees on how to avoid slip and fall injuries.

**INTERROGATORY NO. 29:**     What efforts were made by Quiktrip to correct the condition which Plaintiff contends caused her injuries?

**INTERROGATORY NO. 30:**     What are the procedures an employee must perform in cleaning the premises correctly?

**INTERROGATORY NO. 31:**     Who were the employees responsible for cleaning the area where Plaintiff alleged to have been injured at your store?

**INTERROGATORY NO. 32:**     Please describe the maintenance schedule for the floors near the location in which the subject incident occurred.

**INTERROGATORY NO. 33**:     Provide a detailed list of any changes you made to the property, appurtenances, or equipment after Plaintiff's incident.

**INTERROGATORY NO. 34:**     Provide the names and contact information for all employees at the property when Plaintiff's incident occurred.

**INTERROGATORY NO. 35:**     Describe any video footage that depicts Plaintiff's incident or how the substance in which Plaintiff slipped and fell came to be on the ground in that location.

**EXHIBIT A**

## IV.    **REQUEST FOR ADMISSIONS**

If you fail to admit a matter upon which Plaintiff later have to prove at his expense, you may have to pay for the costs of such proof if you do not have good cause for admitting the request when such request was served.

1. Quiktrip Corporation owns the Premises.

2. On or about May 24, 2021, Plaintiff slipped and fell while stepping on a liquid substance in a walkway at the Premises, as identified in the Petition.

3. Plaintiff did not in any way contribute to the fall alleged in the Petition.

4. Plaintiff did not in any way assume the risk of the collision or his injuries.

5. Plaintiff was injured as a result of her fall.

6. Plaintiff had the right to walk in the Premises at the time of the occurrence.

7. Defendant failed to keep post warnings about the condition of the walkway.

8. After Defendant slipped and fell, you fixed or cleaned the substance on the floor to prevent anyone else from falling.

9. Admit Plaintiff completed an incident report concerning the fall.

10. The sole cause of the accident complained of in the Petition is due to the negligence of Defendant.

11. Admit that Defendant did not ask or any of its agents or employees, to remove the liquid substance on May 24, 2021.

12. Admit that at the time of the incident Defendant, were aware and knew that the liquid substance spillage was on floor or walkway.

13. Admit that liquid spillage on the Premises presents a danger to Defendant's customers.

14. Admit that you had notice prior to the filing of this lawsuit that Plaintiff claimed to have been injured at the Premises on May 24, 2021 due to a slip and fall.

15. Plaintiff did not assume the risk of the injuries he suffered on December May 24, 2021.

16. Plaintiff suffered an injury at your place of business on May 24, 2021.

17. Plaintiff fell, at least in part, due to a liquid substance that was located along a walkway on

EXHIBIT A

the subject property.

18. Defendant was at least partially at fault for causing Plaintiff's fall on May 24, 2021.

19. Defendant maintained video footage of the slip and fall that occurred on May 24, 2021.

20. Defendant is liable for any of the injuries complained of in the Petition.

21. Admit jurisdiction and venue is proper.

EXHIBIT A

## V.    **REQUEST FOR ADMISSIONS**

Please produce the following:

**REQUEST FOR PRODUCTION NO. 1:** All documents referred to and relied upon by you in Answering your Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any and all photographs taken by you or any person in your behalf taken after the occurrence of the scene of the occurrence/incident alleged in the Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any and all videos or surveillance recorded or taken by you or any other person of the scene of the incident/occurrence alleged in the Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any and all written documents, information and data containing the names and addresses of all witnesses to all or part of the allegations set forth in the Petition and copies of any and all written data and information obtained from said witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All reports, papers, records, statements, accounts, journals, documents, calendars, or any other list or notes kept by you or any of your personnel regarding or related to the allegations made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents and/or written information evidencing, referring to or relating to the factual basis for all claims being asserted by the Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All correspondence to or from any individual who is expected to testify as an expert witness at trial on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Any documents you rely on as evidence to support any contention you have in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** Photographs, physical objects, videotapes, movies, films, sketches, and drawings that relate to the allegations forming the basis of this lawsuit.

EXHIBIT A

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Communications with anyone (other than your attorney in his capacity as attorney) about the allegations or alleged damages in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents provided by you to any individual who is expected to testify as an expert at trial on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents reviewed by any individual who is expected to testify as an expert witness at trial on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents or tangible evidence which you claim supports your contention that Defendant is not negligent or otherwise caused or contributed to the damages allegedly sustained in the Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents which are or which may tend to be documents which may reasonably lead to the discovery of other documents or information concerning any of the subject matter contained in either: (I) this Request for Production of Documents or (II) the Interrogatories filed in this cause by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents which are or may in any way be relevant to any damages, set-offs, claims, or other financial detriment of any sort or kind, in which the party to whom the Interrogatories are addressed or any other opposing party in this cause believes, asserts, contends, knows, or alleges, to either (I) support, evidence, show, infer, or to reveal, or to (II) contradict, dispute, or otherwise discredit any of the aforesaid. This request shall include but not in any way be limited to an itemization of such damages, claim, set-offs, or other financial detriment known, claimed, asserted, or believed to be the result of any action taken, or inaction, by the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents that constitute, relate or refer to an investigation of or an inquiry into the incident giving rise to the claims stated in the Petition herein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All reports made by any expert witness inclusive of any opinions and facts upon which such expert is expected to testify at the time of the trial of this

EXHIBIT A

matter, including any and all handwritten or typed notes prepared by the expert in connection with his review and evaluation of materials, including but not limited to records, of the above captioned matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** Any and all physical evidence or tangible objects which you intend to offer into evidence at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All treatises, texts, articles or other scholarly works relied upon by any expert witness in arriving at the expert's opinion(s) in anyway related to this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all documents related to any claims filed against you within the past three (3) years as a result of similar allegations made in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Documents showing the complete employee work schedule for the Quiktrip store that is the subject of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All documents related to any reports made about or investigation into the facts and circumstances of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Documents and all other materials, manuals and records evidencing any procedures or trainings in effect at the time of the allegations made in the Petition that Defendant utilized to maintain a clean and safe environment at Quiktrip (4064 G3S store). This includes information regarding the prevention of slip and falls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** Documents that show any efforts Defendant made to correct the condition which Plaintiff contends caused her injuries.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Documents showing the rules, procedure or protocol for handling liquid spillage on your premises.

EXHIBIT A

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All insurance policies including liability, general liability, excess umbrella for the vehicle, and any other insurance that will, or may, cover the occurrence alleged in the Petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All other documents related to your Answers to Plaintiff's Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators or agents, representatives or employees of the parties concerning the subject matter of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All photographs, videotapes or audio tapes, x-rays, diagrams, medical records, surveys or other graphic representations of information concerning the subject matter of this action, the Plaintiff or Plaintiff's alleged damages.

**RESPONSE:**

DATE:  March 22, 2022

Respectfully submitted,

*/s/ Keith B. French*
Keith B. French
Texas Bar No. 24115073
kfrench@peoplefirstfirm.com

**KEITH B. FRENCH LAW, PLLC**
2010 E. Broadway St., Suite 132
Pearland, Texas 77581
Tel: (832) 243-6153
Fax: (832) 243-1927

**ATTORNEY FOR PLAINTIFF**

EXHIBIT A

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on Defendant along with the Plaintiff's Original Petition.

*/s/ Keith B. French*
Keith B. French

EXHIBIT A